United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-30907
_____

DANIEL R BAKER, M D,

Plaintiff - Appellant,

versus

DARYL J DOISE; OPELOUSAS GENERAL HOSPITAL
AUTHORITY,

Defendants - Appellees.

Appeal from the United States District Court
For the Western District of Louisiana
01-CV-901

Before EMILIO M. GARZA and DeMOSS, Circuit Judges, and DUVAL[*], District Judge.

PER CURIAM:[**]

Dr. Daniel Baker appeals the district court's grant of summary judgment to the defendants,

Opelousas General Hospital Authority ("OGHA") and Daryl Doise, the former CEO of OGHA, in

this 42 U.S.C. § 1983 suit. Baker contends that the defendants violated his procedural due process

_____

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rights by terminating his anesthesia privileges at OGHA without a hearing. His complaint also alleges state claims for defamation and breach of contract.

There are two hospitals in Opelousas, Louisiana: OGHA and Doctors' Hospital. Each hospital has an exclusive contract with its own anesthesia group. St. Landry Anesthesia, Inc. ("SLA") provides any and all needed anesthesia services for Doctors' Hospital, while Anesthesia Associates of Opelousas, Inc. ("AAO") services OGHA. SLA is Baker's medical corporation, and thus Baker works primarily at Doctors' Hospital, although he was (prior to this suit) a member of OGHA's medical staff. Dr. Wyble and Dr. Pearce run AAO.

In January 2000, Baker, Wyble, Pearce, and a fourth anesthesiologist, Dr. Ventre (who was affiliated with Baker and Doctors' Hospital), met informally and agreed to begin sharing the work at the two hospitals, as well as the associated revenue and expenses. This agreement was not reduced to writing, but the doctors agreed that the arrangement could be terminated by either side for any reason.

Thus, beginning in January 2000, Baker began to practice anesthesia at OGHA (with the permission of AAO). Subsequently, AAO and OGHA received at least two complaints regarding Baker's proficiency with epidural anesthesia. It was also determined that Baker's failure/complication rate for c-section patients was substantially higher than that of the other anesthesiologists. On February 16, 2001, Doise wrote to Wyble about the situation with Baker. He summarized his understanding of the complaints lodged against Baker, and concluded by asking Wyble to remove Baker from the anesthesia rotation. Doise indicated that this was not a medical staff action, but instead an "administrative action" premised on OGHA's contract with AAO. A few days later, Doise and Wyble informed OGHA's Medical Executive Committee about the complaints and the chart

-2-

review during an executive session of the Committee. The Committee was told, however, that the anesthesiologists were handling the matter. Around this same time, the relationship between the OGHA/AAO anesthesiologists (Wyble and Pearce) and the Doctors' Hospital/SLA anesthesiologists (Baker and Ventre) ceased. Thereafter, Baker filed the instant suit.

We review a grant or denial of summary judgment *de novo*, using the same criteria employed by the district court. *Mongrue v. Monsanto Co.*, 249 F.3d 422, 428 (5th Cir. 2001). Summary judgment is proper if, drawing all inferences in favor of the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; FED. R. CIV. P. 56(c).

A plaintiff cannot plead a procedural due process violation under § 1983 unless he shows that the defendant's conduct deprived him of a cognizable property interest and that the defendant acted under color of state law. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Thus, Baker's procedural due process claim cannot succeed unless he had a protected property interest in his anesthesia privileges.

Baker has not shown a "legitimate claim of entitlement" to those privileges. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). The parties stipulated in the pre-trial order that "Drs. Pearce, Wyble, Baker and Ventre all agreed that the arrangement could be terminated *at any time for any reason*." 2 R. 277 (emphasis added). Thus, there is no genuine issue of material fact as to whether the affiliation could only be terminated for cause. An at-will arrangement does not create a property interest for due process purposes. *See Perry v. Sinderman*, 408 U.S. 593, 601-02 (1972); *see also Engelstad v. Va. Mun. Hosp.*, 718 F.2d 262, 265-66 (8th Cir. 1983) (holding that a doctor did not have a protected property interest in his position as director of the hospital's

-3-

pathology department when his contract with the hospital was oral, did not cover a definite period of time, and did not require any showing of cause before termination).

Although Baker argues that his anesthesia services were encompassed by the exclusive contract between AAO and OGHA, which explicitly indicates that any physician working under that contract is entitled to fair hearing procedures, this argument alone is insufficient to create an issue of fact. Baker does not dispute the at-will nature of his arrangement with Wyble and Pearce, and he admits that he was not given a copy of the AAO/OGHA contract until the lawsuit began. Baker, Ventre, Wyble, and Pearce had, at most, an oral contract. Even if that oral contract somehow incorporated the AAO/OGHA contract, the various terms of the latter contract (to which Baker was not a party) cannot possibly trump the doctors' oral agreement that the affiliation could be ended at any time for any reason. *See, e.g.*, RESTATEMENT (SECOND) OF CONTRACTS § 203(d) (1981) (indicating that separately agreed-upon terms are given greater weight than terms not separately discussed or negotiated by the parties).

In addition, Doise's letter to Wyble does not support Baker's arguments. Doise and OGHA were not involved in the affiliation between Wyble, Pearce, Baker, and Ventre, so their actions do not determine whether Baker had a property interest in the affiliation. Additionally, the AAO/OGHA contract gives Wyble and Pearce (as owners of AAO) full responsibility for "the staffing of the Anesthesia Department" and does not explicitly preclude AAO from forming the type of informal affiliation that occurred in this case.

Because Baker has not shown that he was deprived of a protected property interest, the district court's decision to render summary judgment for the defendants on this claim was correct. We decline to address the merits of Baker's defamation and breach of contract claims because he has

not briefed these issues on appeal.  Accordingly, they are waived.  *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

For the foregoing reasons, we find that the district court properly granted summary judgment to the defendants and we AFFIRM.

AFFIRMED.